## LAW OFFICES OF
## O'KEKE & ASSOCIATES, P.C.
255 LIVINGSTON STREET, 4TH FL.
BROOKLYN NY, 11217
PHONE: (718) 855-9595
Attorneys for plaintiff

```
------------------------------------X----------------------------
VERONICA NICKEY                     :UNITED STATES DISTRICT COURT
             Plaintiff,             :EASTERN DISTRICT OF NEW YORK
                                    :
                                    :   CASE No.: 11 CV 3207
    against                         :
                                    :   CIVIL ACTION
                                    :
THE CITY OF NEW YORK,               :   AMENDED COMPLAINT
DET. PATRICK COWARD, (Shield #281) :
DET. ROBERT CARBOINE,(Shield #1719):    PLAINTIFF DEMANDS
DET. DAVID RAS, LT. SEAMUS McHUGH   :    TRIAL BY JURY
,and "JOHN DOE": AND "JANE DOE"     :
                                    :
             Defendant(s).          :    (RRM)(RLM)
------------------------------------X----------------------------
```

TAKE NOTICE, the Plaintiff, Veronica Nickey, hereby appears in this action by her attorneys, The Law Offices of O'keke & Associates, P.C., and demands that all papers be served upon them at the address below in this matter.

Plaintiff, Veronica Nickey, by her attorneys, O'keke & Associates, P.C., complaining of the defendants, The City of New York, Det. Patrick Coward, (Shield #281), Det. Robert Carboine,(Shield #1719) Det. David Ras, LT. Seamus McHugh and "John Doe" AND "Jane Doe, collectively referred to as the Defendants, upon information and belief alleges as follows:

### NATURE OF THE ACTION

1. This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and or to redress the deprivation of rights, privileges, and immunities secured to the plaintiffs by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 [and § 1985], [and arising under the

1

    law and statutes of the State of New York].

2. This is an action to further seek compensation for the serious and permanent personal injuries sustained by the plaintiff, as a result of the excessive force and negligence of the defendants, perpetrated while said defendant police officers were in the process of illegally and unlawfully arresting plaintiff.

## JURISDICTION

3. The jurisdiction of this Court is invoked under 28 U.S.C. §1343(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the plaintiffs by the Fourteenth Amendment to the Constitution of the United States. Jurisdiction of this court exists pursuant to 42 USC §1983 and under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

4. All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of plaintiffs' federal claims are identical to the events, parties, transactions, and injuries that form the basis of plaintiffs' claims under applicable State and City laws.

5. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §§1391 (b) and (c).

## PARTIES

6. Plaintiff resides in Kings County, New York and is a resident of the State of New York.

7. Defendants Det. Patrick Coward, (Shield #281), Det. Robert Carboine,(Shield #1719) Det. David Ras, Lt. Seamus McHugh are police officers, employed with the New York Police Department and assigned to the NYPD 77th Precinct. "John Doe" and "Jane Doe" are unknown police officers for the

2

City of New York. All defendant officers acting under color of state law, are being sued in both their individual and official capacity.

8. The Defendant, City of New York is a municipality in the State of New York and employs the Defendants Police Officers.

## FACTUAL ALLEGATIONS
## COMMON TO ALL CAUSES OF ACTION

9. On or about July 8, 2008, at approximately 3:30PM, the defendant officers came to the plaintiff's house and unlawfully arrested plaintiff. That shortly before the arrest, the plaintiff was called on her cell phone by her husband who also is a NYPD police officer and told to come home that several officers were at the house and wanted to speak with her. When the defendant arrived home she was told by one of the defendant officers that she had to accompany them downtown. The plaintiff refused, asking what for and the reason why they were looking for her, to wit the defendants refused to respond to plaintiff, simply indicating that the plaintiff had to come downtown. The plaintiff immediately indicated she wanted a lawyer present and placed a phone call to her legal advisor. The defendants took the phone from plaintiff and terminated the phone call and then forcefully handcuffed plaintiff. The plaintiff was then placed in an unmarked NYPD car and transported to the confines of the 77th precinct. Initially plaintiff was placed in a cell by herself, with handcuffs on. After several hours, the plaintiff was brought up to an interrogation room, where the defendant officers attempted to interrogate the plaintiff, the plaintiff again requested for an attorney to be present. That when the defendant officers realized that plaintiff was only willing to give one response to any and all questions they threw at her "I want an attorney" they placed her in a holding area and hand cuffed plaintiff to a wall. Plaintiff repeatedly requested to use the restroom, but was ignored. She was repeatedly taken back to the interrogation room and she repeatedly asked for an attorney to be present and was repeatedly returned to the holding area or cell at all times she remained in handcuffs, or was cuffed to a wall. After several hours of being moved back and forth and denied access to a restroom, the plaintiff unable to hold herself any longer, was compelled to urinate on herself.

3

        The routine of bringing the plaintiff to the interrogation room continued for more than two days, during this time, the plaintiff was given no food, or drink, and repeatedly denied access to a restroom.  In the afternoon hours of the third day since her arrest, , the plaintiff was transported to the Kings County Central Booking.  On arriving at the Central Booking, the plaintiff was pedigreed and then placed in a holding pen with several other arrestees.  Plaintiff remained in the holding pen for several hours, before she was brought up before a Judge of the Criminal Court and was charged with PL 125.25(1), 'Murder in the Second Degree', amongst other lesser charges.  The plaintiff was remanded to Rikers Island Correctional Facility, where she remained until September 22, 2009, when the case was dismissed.

10. During the arrest the plaintiff was not allowed to make any phone calls or contact anyone, she was not read her Miranda rights and repeatedly denied access to an attorney for the entire time.

11. That notwithstanding there being no evidence, motive or matter tying the plaintiff to the alleged crime or the alleged victim, plaintiff was maliciously prosecuted for approximately fifteen months until the dismissal of the case on September 22, 2009.

12. At no time did plaintiff commit any offense against the laws of New York City and or State for which an arrest may be lawfully made.  At no time did the plaintiff obstruct any act or administration of government, or engage in any conduct which in any way justified the brutal and unlawful actions of the police.

13. That the defendant officers had a duty to investigate the case, before and after an arrest was made to prevent the plaintiff from being maliciously prosecuted, but failed to do so.

14. As a direct and proximate result of defendants' actions, plaintiff suffered and continues to suffer various personal and emotional injuries, including but not limited to; emotional distress, mental anguish, nightmares and flashbacks some or all of which may be permanent.

15. The plaintiff who was abruptly torn away from her regular life, as a wife and mother of four children and forced to

4

go through what could only be described as ones worst night mare, continues to suffer from the experience. The plaintiff still has nightmares, and anger bouts, often going through moods of depression, distancing herself from her husband and children, scared to leave her house, scared to function within society, the plaintiff is simply scared of life in general. Because of defendants' knowledge of a lack of any legitimate cause or justification, their actions were intentional, malicious, reckless and in bad faith.

16. During the approximately fifteen months for which the plaintiff was deprived of her freedom and incarcerated, she was denied access to see or meet with her husband and or children. Initially the husband was forbidden of seeing his wife due to his job as an NYPD officer. As a direct and proximate result of defendants' actions, plaintiff suffered and continues to suffer, the above stated injuries, some or all of which may be permanent.

17. As a direct and proximate result of the defendants' actions, the plaintiff suffers various emotional attacks, in addition, she has been unable to function normally which has caused a severe strain and breakdown in her personal relationships, in and outside of her home, which has directly affected her marriage to her husband.

18. As a direct and proximate result of defendant's actions, plaintiff was arrested, detained without just or probable cause and maliciously prosecuted.

19. That at the time of plaintiff's arrest her personal property, which included a gold necklace, gold earrings, and other personal property were taken from plaintiff. That even after the dismissal of the case, the defendants have refused to return her personal belongings. Thereby, denying the plaintiff the use and enjoyment of her property, without her consent.

20. As a direct and proximate result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth and Fourteenth Amendments to the United States Constitution and the laws of the City of New York and the State of New York.

21. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to

5

      properly sanction or discipline police officers including the defendants in this case, for violations of the constitutional rights of citizens, thereby causing police officers including defendants in this case, to engage in unlawful conduct.

22. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to sanction or discipline police officers including the defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers thereby causing and encouraging police officers including defendants in this case, to engage in unlawful conduct.

23. The actions of defendants, acting under color of State law, deprived plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States; in particular, the rights to be secure in his person and property, to be free from the excessive use of force and from malicious prosecution, abuse of process, and the right to due process.

24. By these actions, defendants have deprived plaintiff of rights secured by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

25. The actions of defendants were malicious, unlawful and directed at depriving the plaintiff of her constitutional rights.

26. This action has been commenced within three years after the happening of the event upon which the claim is based.

## AS A FIRST CAUSE OF ACTION:

      42 U.S.C Section 1983-against Defendants Officers

27. Plaintiffs hereby restates paragraphs 1-26 of this complaint, as though fully set forth below

28. By unlawfully arresting, detaining, imprisoning and maliciously prosecuting plaintiff, without justification, probable cause or reasonable suspicion, the Defendants' Officers, deprived Plaintiff of her rights, remedies,

6

        privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. Section 1983, including, but not limited to, rights guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution.

29. In addition, the Defendants officers conspired among themselves to deprive plaintiff of her constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth and Fourteenth Amendments to United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

30. The Defendants Officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Said acts by the Defendants Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution.

31. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein before stated.

## AS A SECOND CAUSE OF ACTION:

        Malicious Prosecution -- all Defendants

32. Plaintiff hereby restates paragraph 1-31 of this complaint, as though fully set forth below

33. In maliciously prosecuting the Plaintiff, the Defendants acting in their individual and official capacities, and within the scope of their employment, each committed a willful, unlawful, unwarranted, malicious prosecution against the plaintiff.

34. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore stated.

## AS FOR A THIRD CAUSE OF ACTION:

Conversion of Plaintiff's Property

35. Plaintiff hereby restates paragraph 1-34 of this Complaint, as though fully set forth below.

36. The Defendant Officers removed the plaintiff's personal property at the time of her arrest and have refused to return same property to the plaintiff, even after the case has been dismissed and the plaintiff restored by law to her position in society prior to the arrest

37. That defendant officers have denied the plaintiff the use and enjoyment of her personal property without the consent or authorization of the plaintiff and continue to deprive her of same even after the unlawful and malicious criminal charges levied against the plaintiff have been dismissed. That said conversion was done unlawfully and without the consent of the plaintiff. Defendant City of New York, through the NYPD owed a duty of care to plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to plaintiff or to those in a like situation would probably result from this conduct.

38. The defendant officers knew that the property did not belong to them, nor did they have any lawful reason to remove them or retain them after the criminal case was dismissed, but proceeded to do so to intimidate the plaintiff.

39. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein before stated.

## AS FOR A FOURTH CAUSE OF ACTION:

Negligent Infliction of Emotional Distress-all Defendants

40. The Plaintiff hereby restates paragraph 1-39 of this complaint, as though fully set forth below.

41. The Defendants Officers engaged in extreme and outrageous conduct, intentionally and recklessly causing severe

8

      emotional distress to plaintiff.

42. Plaintiff's emotional distress has damaged her personal and professional life because of the severe mental pain and anguish which were inflicted through deliberate and malicious prosecution, detention and imprisonment by the Defendants.

43. Defendants, their officers, agents servants, and employees were responsible for the negligent infliction of emotional distress suffered by the Plaintiff at the hands of the Defendants Officers, defendant City of New York, as employer of the Officers, is responsible for their wrongdoing under the <u>doctrine of respondent superior</u>.

44. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein-before stated.

## **AS FOR A FIFTH CAUSE OF ACTION:**

  Intentional Infliction of Emotional Distress-all Defendants

45. The Plaintiff hereby restates paragraph 1-44 of this complaint, as though fully set forth below.

46. The Defendants Officers engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiff.

47. Plaintiff's emotional distress has damaged her personal and professional life because of the severe mental pain and anguish which were inflicted through deliberate and malicious prosecution, detention and imprisonment by the Defendants.

48. Defendants, their officers, agents servants, and employees were responsible for the intentional infliction of emotional distress suffered by the Plaintiff at the hands of the Defendants Officers, defendant City of New York, as employer of the Officers, is responsible for their wrongdoing under the <u>doctrine of respondent superior</u>.

49. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein-before stated.

**WHEREFORE,** plaintiff respectfully requests judgment against the Defendants as follows:

1. On the First Cause of Action against all the defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

2. On the Second Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Officers Defendants in an amount to be determined at trial;

3. On the Third Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Officers Defendants in an amount to be determined at trial;

4. On the Fourth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Officers Defendants in an amount to be determined at trial;

5. On the Fifth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Officers Defendants in an amount to be determined at trial;

6. Such other and further relief as this Court may deem necessary in the interest of justice.

Dated:   August 31, 2011
         Brooklyn, New York

                           Respectfully Submitted

                           _____
                           By:  Patrick Ike O'keke Esq. [PO-2861]
                                255 Livingston Street,
                                Brooklyn, New York 11217
                                Tel. No.  : (718) 855-9595
                                Fax No.   : (718) 855-9494