UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ JAN 2 6 2016 ★

BROOKLYN OFFICE

------------------------------------------------------------ X
                             :

**VERONICA NICKEY,**                :

               Plaintiff,      :    **MEMORANDUM DECISION AND ORDER**

                             :

            - against -         :

                             :    11 Civ. 3207 (AMD) (RLM)

**DET. PATRICK COWARD, DET. ROBERT CARBOINE, DET. DAVID RAS, and LIEUTENANT SEAMUS McHUGH**    :

                             :

              Defendants.     :

------------------------------------------------------------ X

**DONNELLY,** District Judge.

The plaintiff brought this lawsuit for purported violations of state and federal law, stemming from her allegedly unlawful arrest and prosecution for second degree murder. The defendants moved to dismiss the plaintiff's state law tort claims on the merits. The plaintiff did not oppose the substantive grounds for dismissal. The Honorable Roslynn Mauskopf denied the defendants' motion for summary judgment on the state tort claims, and the defendants requested reconsideration of that portion of her decision. Before that request was decided, the case was reassigned to me. I invited briefing to clarify the parties' positions. I now find that the plaintiff abandoned her state law claims because she did not address the defendants' substantive arguments and did not oppose the defendants' request for reconsideration. Accordingly, her state law claims are dismissed as a matter of law.

# BACKGROUND

In her suit, the plaintiff alleges violations of Section 1983 and state law, stemming from her July 8, 2008 arrest and subsequent prosecution for murder. Specifically, the plaintiff alleges false arrest, malicious prosecution, conversion, intentional infliction of emotional distress, and negligent infliction of emotional distress.[1] In particular, the plaintiff asserts that the defendants "engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress," which, according to the plaintiff, "damaged her personal and professional life because of the severe mental pain and anguish which were inflicted through deliberate and malicious prosecution, detention and imprisonment by the Defendants." As support for her conversion claim, the plaintiff alleges the defendants "refused" to return her personal belongings, including jewelry, that were taken as part of the arrest process.

In their motion for summary judgment, the defendants made specific arguments about the plaintiff's state law claims. They argued that the plaintiff failed to comply with the provisions of New York's General Municipal Law Sections 50-h and 50-I,[2] and that the property release signed by the plaintiff's husband—and acknowledged by the plaintiff—rendered her conversion claim baseless under New York law.

The defendants also challenged the plaintiff's claims of intentional and negligent infliction of emotional distress. First, they argued that the amended complaint contained no specific allegations to support those claims. Next, they maintained that the tort claims were encompassed by the false arrest and malicious prosecution claims. Third, they asserted that the

---

[1] While separate torts, negligent infliction of emotional distress and intentional infliction of emotional distress were identically treated in the complaint and addressed in tandem in the defendants' motion for summary judgment. Accordingly, I hereafter refer to the torts of "intentional and negligent infliction of emotional distress."

[2] Section 50-h provides, in pertinent part that: "Wherever a notice of claim is filed against a city . . . the city shall have the right to demand an examination of the claimant relative to the occurrence and extent of the injuries or damages for which claim is made . . . ." GML § 50-h(l).

defendants' conduct did not rise to the level of "outrageousness" that would support a claim of severe emotional distress. Finally, the defendants cited the plaintiff's failure to adduce any medical proof to support her claim of emotional distress.

In response, the plaintiff asserted that her notice of claim was timely under General Municipal Law Sections 50-h and 50-i, and that the Court should exercise supplemental jurisdiction over the state law claims. She did not, however, address any of the defendants' substantive challenges to her state law claims.

After oral argument, Judge Mauskopf granted the defendants' motion for summary judgment in part and denied it in part.[3] *Nickey v. City of New York*, No. 11-cv-3207-RRM-RLM, 2013 WL 5447510, at *12 (E.D.N.Y. Sept. 27, 2013) (ECF No. 32). The plaintiff's Section 1983 claims for false arrest and malicious prosecution (with respect to the initiation of the prosecution) survived summary judgment. Further, the court found that the pleading deficiency under General Municipal Law Section 50-h was not fatal to the state law claims and denied the defendants' motion to dismiss the claims of conversion and intentional and negligent infliction of emotional distress. The Court did not address the defendants' arguments relating to the merits of the plaintiff's state law claims, holding instead that the defendants did not seek dismissal of those claims on substantive grounds. *Nickey*, 2013 WL 5447510, at *11.

The defendants requested that Judge Mauskopf reconsider her decision denying summary judgment on the plaintiff's state law claims. In response, the plaintiff's counsel acknowledged that the defendants had sought dismissal of the state law claims on substantive grounds and that the plaintiff "did not directly oppose same." Counsel went on to advise the Court that the plaintiff "does not consent and or object to the court reconsidering and or granting or denying

---

[3] The plaintiff's cross-motion was denied in its entirety.

defendants' letter motion for reconsideration on the part of the court's decision pertaining to plaintiff's state law claims." Pl.'s Letter Regarding Reconsideration (ECF No. 36). The case was reassigned before the request for reconsideration was decided.

Following a pre-trial conference at which the subject of reconsideration was raised, the plaintiff submitted a letter asserting that she "does not consent to the pending state law claims against the individual officers being dismissed." In reply, the defendants contend that the plaintiff abandoned her state law claims by failing to oppose the grounds for the defendants' motion for summary judgment. The plaintiff responded only that she "completely disagrees" with the defendants' arguments regarding her failure to oppose the defendants' motion to dismiss the state law claims.

## DISCUSSION

There is no dispute that the plaintiff opposed the defendants' motion for summary judgment as a general matter. And, the plaintiff did specifically oppose the defendants' motion to dismiss her state law claims. What she did not do was respond to any of the defendants' arguments in support of dismissing the particular state law torts that she had alleged. Rather, the plaintiff essentially took no position on the defendants' request for reconsideration; she acknowledged that the defendants had in fact made substantive arguments about the plaintiff's claims and did not "consent or object" to whatever decision the Court might make. The issue before me now is whether the plaintiff may—in the face of her previous position—nonetheless assert at trial her state law claims of conversion and intentional and negligent infliction of emotional distress. I find that she cannot.

"Federal courts may deem a claim abandoned when a party moves for summary judgment on one ground and the party opposing summary judgment fails to address the argument in any

4

way." *Taylor v. City of New York*, 269 F. Supp. 2d 68, 75 (E.D.N.Y. 2003) *order clarified*, No. 01-cv-5750-ILG, 2003 WL 21781941 (E.D.N.Y. July 29, 2003); *see also Barnett v. Countrywide Bank, FSB*, 60 F. Supp. 3d 379, 385 (E.D.N.Y. 2014) ("[A]rguments not made in opposition to a motion for summary judgment are deemed abandoned."); *Henry v. Metro. Transp. Auth.*, No. 07-cv-3561-DAB, 2014 WL 4783014, at *12 n. 4 (S.D.N.Y. Sept. 25, 2014) (collecting cases). In this case, the plaintiff did not respond to the defendants' argument that no reasonable jury could find the defendants liable for conversion because the plaintiff's husband signed a document stating that she did not want her jewelry back. Nor did the plaintiff oppose the defendants' assertion that her state law claims are encompassed in the Section 1983 claims for false arrest and malicious prosecution. Finally, the plaintiff did not present any evidence to counter the defendants' contention that there is "absolutely no evidence" that the defendants' conduct was sufficiently "outrageous." Because the plaintiff did not address these arguments, the court could have granted summary judgment on the state law claims. *Taylor*, 269 F. Supp. 2d at 75.

However, the Court did not initially do so. Because the defendants had made substantive arguments about the conversion and emotional distress claims, the defendants requested that the Court reconsider this aspect of its decision, a request that the plaintiff did not oppose. The plaintiff has not once—in her opposition to summary judgment, at oral argument, in response to the defendants' request for reconsideration, or in this most recent round of briefing—actually responded to the defendants' sound arguments. Now, over two years after the defendants' motion for reconsideration and with trial fast approaching, the plaintiff "does not consent to the pending state law claims against the individual officers being dismissed." The plaintiff's consent is not required. The plaintiff abandoned her state law claims when she failed to oppose the

defendants' arguments at summary judgment and when she declined to oppose the defendants'

motion for reconsideration.

## CONCLUSION

For the foregoing reasons, the plaintiff's state law claims of conversion and intentional

and negligent infliction of emotional distress are dismissed.

**SO ORDERED.**

s/Ann M. Donnelly
_____

Ann M. Donnelly
United States District Judge

Dated: Brooklyn, New York
      January 26, 2016