FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ MAR 25 2016 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X

VERONICA NICKEY,

               Plaintiff,

- against -

DET. PATRICK COWARD, DET. ROBERT
CARBOINE, DET. DAVID RAS, and
LIEUTENANT SEAMUS McHUGH,

               Defendants.
---------------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**

11 Civ. 3207 (AMD) (RLM)

**ANN DONNELLY,** District Judge.

This Section 1983 action is scheduled for trial on April 18, 2016. The plaintiff alleges that the defendants unlawfully arrested her, and that Detective Coward[1] maliciously prosecuted her in connection with her state criminal case for second degree murder. Following the March 24, 2016 pretrial conference and rulings on the parties' *motions in limine*, the parties seek clarification on the timeframe for which Detective Coward can be liable on the plaintiff's malicious prosecution claim as a matter of law.

For purposes of this order, the salient facts are these: 1) following an investigation, Detective Coward signed a criminal complaint initiating the prosecution of the plaintiff on July 9, 2008; 2) on August 7, 2008, the grand jury indicted the plaintiff on murder charges; and 3) charges against the plaintiff were dismissed about fifteen months later.[2]

---

[1] Officer Coward swore out the plaintiff's criminal complaint. *Nickey v. City of New York*, No. 11-cv-3207-RRM-RLM, 2013 WL 5447510, at *8 (E.D.N.Y. Sept. 27, 2013) (ECF No. 32).
[2] The facts are laid out in detail in the Court's Order on Summary Judgment. *Nickey*, 2013 WL 5447510.

1

Previously, the Honorable Roslynn Mauskopf addressed the parties' dispute regarding the relevant timeframe for purposes of the malicious prosecution claim in her order on cross-motions for summary judgment. Following oral argument and based on her review of the summary judgment record, Judge Mauskopf held:

> [The] plaintiff has offered no evidence that the defendant officers . . . urged the continuation of, what they knew to be a groundless prosecution. As such, plaintiff's malicious prosecution claim cannot extend past her indictment, unless plaintiff can demonstrate some bad faith conduct extrinsic to the grand jury proceedings . . . .

*Nickey v. City of New York*, No. 11-cv-3207-RRM-RLM, 2013 WL 5447510, at *8 (E.D.N.Y. Sept. 27, 2013) (ECF No. 32).[3]

Thereafter, the Second Circuit in *Rentas v. Ruffin*, No. 14-cv-2475, 2016 WL 877828 (2d Cir. Mar. 8, 2016),[4] stated that if the prosecutor "relied on independent, untainted information to establish probable cause, a complaining official will not be responsible for the prosecution that follows." *Id.*, at *3. Absent this "independent" and "untainted" evidence, the "chain of causation" between the alleged misconduct of the complaining official and the subsequent prosecution is unbroken. *Id.*; *see Townes v. City of New York*, 176 F.3d 138, 147 (2d Cir. 1999) ("It is well settled that the chain of causation between a police officer's unlawful arrest and a subsequent conviction and incarceration is broken by the intervening exercise of independent judgment."). This, the plaintiff seems to say, is another avenue by which the plaintiff may argue

---

[3] In reaching this decision, the court first observed that "arresting officers generally are not subject to liability for malicious prosecution because the ultimate decision to prosecute rests with the prosecutor." *Nickey*, 2013 WL 5447510, at *8. However, as the court noted, police officers may be liable for malicious prosecution if, "beyond participation as mere witnesses," they "insist[ed] on or urg[e]d the continuation of what the officers knew to be a groundless prosecution." *Id.*, at *9.

[4] In that case, the plaintiff alleged that while he was incarcerated at Rikers Island, corrections officers used excessive force against him and then fabricated evidence in the form of incidence reports, on which the prosecutor's office based a criminal prosecution. *Rentas*, 2016 WL 877828, at *1. After his acquittal, Rentas sued the correctional staff, alleging among other claims, that he was maliciously prosecuted. *Id.*, at *2. The District Court dismissed, reasoning that the prosecutors had exercised an "independent decision to prosecute," and thus the correctional staff were not liable on a claim of malicious prosecution. *Id.*, at *3. The Second Circuit reversed, holding that a reasonable jury could find that there was no independent, untainted information on which the prosecution had relied in pursuing its criminal case. *Id.*

2

that the alleged malicious prosecution by Officer Coward extends in time past the date of the plaintiff's indictment by the grand jury.[5]

I hold that the plaintiff may endeavor to prove that the prosecutor relied *exclusively* on representations made by police officers in pursuing the criminal case.[6] If the plaintiff is not able to prove this fact by a preponderance of the evidence, then the "complaining official will not be responsible for the prosecution" that followed the indictment by the grand jury. *Id.*

**SO ORDERED.**

s/Ann M. Donnelly
_____
Ann M. Donnelly
United States District Judge

Dated: Brooklyn, New York
      March 24, 2016

---

[5] This argument does not seem to have been the subject of summary judgment briefing.
[6] At the March 24, 2016 pretrial conference, counsel for the defendants represented that they would be calling the Assistant District Attorney who prosecuted the plaintiff.