UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
VERONICA NICKEY,

                Plaintiff,

- against -

DET. PATRICK COWARD, DET. ROBERT
CARBOINE, DET. DAVID RAS, and
LIEUTENANT SEAMUS McHUGH

                Defendants.
------------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**

11 Civ. 3207 (AMD) (RLM)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ APR 13 2016 ★

BROOKLYN OFFICE

**ANN DONNELLY,** District Judge.

In a letter-motion filed on April 12, 2016,[1] the plaintiff seeks my recusal. (ECF No. 76). In her motion papers, consisting of a narrative and some supporting exhibits, the plaintiff suggests that I have demonstrated "deep-seated favoritism" by engaging in *ex parte* communications with counsel for the defendants, ruling on the parties' motions *in limine*, and issuing an order instructing the plaintiff to show cause why the case should not be dismissed. For the reasons explained below, the plaintiff's motion is denied.

A district judge is to disqualify herself in any proceeding in which her "impartiality might reasonably be questioned." 28 U.S.C.A. § 455(a). The Second Circuit framed the test as "whether an objective, disinterested observer fully informed of the underlying facts, [would] entertain significant doubt that justice would be done absent recusal, or alternatively, whether a reasonable person, knowing all the facts, would question the judge's impartiality." *United States*

---

[1] Trial is scheduled for April 18, 2016 on the plaintiff's Section 1983 claims for false arrest and malicious prosecution.

1

*v. Yousef*, 327 F.3d 56, 169 (2d Cir. 2003) (citation and internal quotation marks omitted). The decision of whether to grant or deny a motion for recusal is left to the discretion of the district court. *United States v. Basciano*, No. 05-cr-060-NGG, 2010 WL 4484366, at *2 (E.D.N.Y. Nov. 1, 2010).

The plaintiff's motion to recuse based upon a telephone conversation between the defendants' counsel and my law clerk is meritless. On April 5, 2016, the defendants submitted a letter requesting that the Federal Court unseal State Grand Jury testimony pursuant to New York Criminal Procedure Law. (ECF No. 72.) After speaking with my law clerk, the defendants' counsel withdrew the request to unseal the Grand Jury minutes.[2] To the extent that the exchange between my law clerk and the defendants' counsel is characterized as improperly *ex parte*,[3] the upshot was that I was *not* going to do what the defendants were asking me to do; namely, under the circumstances, I was not going grant the defendants' request to unseal State Grand Jury testimony. Thus, the plaintiff's argument that she was not afforded an opportunity to oppose the defendants' request is unavailing.[4] These circumstances would not lead a disinterested observer to doubt that absent recusal, justice would not be done.

---

[2] Defendants' counsel represents the contents of this conversation as follows:
> Judge Donnelly's law clerk called me last week in response to my initial letter that the Judge wanted us to go to State court first and that we needed to do so asap (this conversation was referenced in my subsequent letter where I temporarily withdrew my request pending an attempt to unseal the minutes in state court). We were further told that should we be unable to resolve this by early this week, then we could re-raise our request with Judge Donnelly since timing is obviously an issue.

(Ex. 1 to Recusal Mot. (ECF No. 76).), and:
> In light of a conversation I had with Your Honor's Law Clerk earlier today, defendants withdraw their request that the Court unseal the grand jury testimony of Dillon Rickman. Defense counsel will instead seek to unseal the grand jury testimony at issue in State Court tomorrow and defendants will specifically note in their request that they were directed to do so by the Court.

(Letter Withdrawing Defs.' Request (ECF No. 73).)

[3] As the plaintiff points out, the Model Code of Judicial Conduct provides that *ex parte* communication is permitted when circumstances require, so long as the judge reasonably believes that no party will gain a procedural advantage and the judge makes provision promptly to notify all other parties of the substance of the communication. That was the case here, as the defendants' counsel was instructed to put the contents of the exchange with my law clerk in a letter, which I reviewed once it was filed on the electronic docket.

[4] Any opposition to the un-sealing was properly directed to the State court.

2

Moreover, the plaintiff's representation that I have granted the defendants' "various motions and requests" without providing "any opportunity for the plaintiff to interpose an opposition or be heard on the matter" is entirely disingenuous. (Pl.'s Recusal Mot. at 2 (ECF No. 76) (citing (ECF Nos. 71–75).) The docket entries identified by the plaintiff to support this argument are the *plaintiff's* letter regarding damages (ECF No. 71), the defendants' above-described letter requesting that the Court unseal Grand Jury testimony (ECF No. 72), the defendants' letter withdrawing this request (ECF No. 73), and the defendants' letter requesting to file the Grand Jury testimony and associated application under seal (ECF No. 74). The only order I issued in response to any of these submissions is my April 12, 2016 order granting the defendants' leave to file under seal the Grand Jury testimony and any associated submissions.[5]

The plaintiff's argument that, during the March 24, 2016 pretrial conference, I reversed my earlier rulings after the plaintiff's counsel objected, is likewise unpersuasive. The plaintiff asserts:

> During the pretrial conference ... your honor's favoritism towards defendants and bias against plaintiff was clearly demonstrated by the fact that your honor initially stated on the record that she had reviewed the motions and was ready to issue her ruling. However after issuing her rulings, and only after the undersigned objected repeatedly, did your honor start reviewing some of plaintiff's arguments and reversing her earlier rulings.

(Pl.'s Recusal Mot. at 2 (ECF No. 76).) I fail to see how finding in the plaintiff's favor after hearing oral argument demonstrates my "favoritism" towards the defendants or my "bias" against the plaintiff. If, instead, the plaintiff means to suggest that I was insufficiently enthusiastic in ruling in her favor, I find that this would not lead a reasonable person to question my impartiality.

---

[5] The State Court Order to Unseal Grand Jury Testimony provided that the minutes of the Grand Jury testimony were to be deemed "Attorney's Eyes Only," and if any party wished to rely on the minutes in a public filing, they were to request permission from the Federal Court to do so under seal. (Ex. A to Defs.' Mot. to File Under Seal (ECF No. 74-1).)

3

To the extent that the plaintiff's motion is predicated on her belief that I have erred (whether in my rulings on motions *in limine* or in my instruction to the plaintiff to show cause why her case should not be dismissed), neither my purported errors nor the fact that the plaintiff has challenged them is a basis for recusal. *Goodwine v. Nat'l R.R. Passenger Corp.*, No. 12-cv-3882-TLM-JO, 2014 WL 37850, at *2 (E.D.N.Y. Jan. 6, 2014); *see also United States v. Kasman*, No. CR-93-339, 1993 WL 278440, at *3 (E.D.N.Y. July 20, 1993) (collecting "just a few" of the "countless cases which reiterate the principle that a motion to recuse under § 455(a) may be made only on the basis of alleged bias or prejudice from an extrajudicial source, not upon trial rulings or conduct.").

For the foregoing reasons, the plaintiff's request that I recuse myself is denied.

**SO ORDERED.**

s/Ann M. Donnelly
_____
Ann M. Donnelly
United States District Judge

Dated: Brooklyn, New York
April 13, 2016

4